1      **UNITED STATES DISTRICT COURT**

2      **DISTRICT OF NEVADA**

3

4    JERRY EMMANUEL WHITE,                    )
                                              )
5                      Petitioner,            )        3:04-cv-00412-GMN-RAM
                                              )
6    vs.                                      )
                                              )        **ORDER**
7    E.K. McDANIEL, *et al.*,                 )
                                              )
8                      Respondents.           )
                                              )
9    _____)

10        This action proceeds on a successor petition for a writ of habeas corpus, by Jerry Emmanuel

11   White, a Nevada state prisoner represented by counsel.  Before the Court is respondents' motion to

12   dismiss the successor petition.  (ECF No. 78).

13   **I. Procedural Background**

14        Petitioner was convicted after a jury trial on charges of First Degree Murder with the Use of a

15   Deadly Weapon, Conspiracy to Commit Robbery, and Robbery with the Use of a Deadly Weapon.

16   (Ex. 36).[1]  A judgment of conviction was entered on January 16, 2001.  (Ex. 42).  Petitioner is

17   presently serving two consecutive life terms without the possibility of parole together with

18   concurrent terms of 13 to 60, and 35 to 156 months on the convictions.  *Id.*

19        Petitioner appealed his conviction and sentence, raising seven claims for relief.  (Ex. 43 and

20   Ex. 48).  The Nevada Supreme Court affirmed the conviction on March 8, 2002.  (Ex. 54).

21   Thereafter, petitioner filed a *pro per* petition for post-conviction relief.  (Ex. 59).  After appointment

22   of counsel, two supplemental petitions were filed, bringing the total number of claims raised to

23   eighteen.  (Ex. 64 & Ex. 65).  The state district court denied relief on October 15, 2003.  (Ex. 67).

24   An appeal was filed and the Nevada Supreme Court affirmed the decision by order filed July 8,

25   2004.  (Ex. 71 & Ex. 75).

26   _____

    [1] The exhibits referenced in this order are found in the court's record at ECF No. 20-25, 72, & 84.

1      White submitted his federal petition for a writ of habeas corpus (ECF No. 7) to this Court on

2   August 4, 2004.  After appointment of counsel, a first amended petition was filed on June 17, 2005.

3   (ECF No. 19) along with exhibits (ECF No. 20-25).

4      Respondents filed a motion to dismiss (ECF No. 33) on October 27, 2005, asserting that

5   certain of petitioner's claims were not exhausted in state court, and that others were procedurally

6   defaulted in state court.  On July 24, 2006, this Court granted the motion to dismiss, finding that

7   Grounds 8, 9, and 10 were procedurally defaulted in state court and that petitioner failed to show

8   cause and prejudice to overcome the procedural default of those claims.  (ECF No. 44).  The Court

9   further found that Grounds 11(b) and 12(b) were unexhausted.  (ECF No. 44).  The Court ordered

10  petitioner to either make a showing justifying a stay of the case pending further exhaustion of claims

11  in state court, or voluntarily abandon the unexhausted claims.  (ECF No. 44).  On August 29, 2006,

12  petitioner filed his formal declaration of abandonment, advising the Court that he "voluntarily,

13  knowingly and intelligently" abandons Grounds 11(b) and 12(b) of the First Amended Petition,

14  conceding that the grounds are unexhausted.  (ECF No. 48).

15     On November 27, 2006, respondents filed an answer, responding to the remaining claims of

16  the first amended petition.  (ECF No. 54).  Petitioner filed a reply on March 19, 2007.  (ECF No. 61).

17  On September 27, 2007, this Court entered an order denying the federal habeas petition and denying

18  petitioner a certificate of appealability.  (ECF No. 62).  Judgment was entered the same date.  (ECF

19  No. 63).  Petitioner filed a notice of appeal.  (ECF No. 64).  On April 23, 2008, the Ninth Circuit

20  Court of Appeals denied petitioner's request for a certificate of appealability and ordered all

21  outstanding motions denied.  (ECF No. 68).

22     On October 13, 2009, petitioner submitted an application for leave to file a second or

23  successive petition with the Ninth Circuit Court of Appeals.  (ECF No. 84, at Ex. 1).  The

24  application was based on newly discovered evidence:  co-defendant Michael Woomer's September

25  11, 2009 declaration stating that he killed the victim, while petitioner White was passed out in

26  another room.  (ECF No. 72, at Ex. 1).  On January 21, 2010, the Ninth Circuit Court of Appeals

1  granted petitioner authorization to file a successive petition, pursuant to 28 U.S.C. § 2244(b)(3)(A).

2  (ECF No. 69).  On February 22, 2010, through counsel, petitioner filed a successor petition, along

3  with the order of the Ninth Circuit Court of Appeals granting petitioner's application to file a second

4  or successive petition.  (ECF No. 70).  Petitioner also filed exhibits to the successor petition.  (ECF

5  No. 72).

6       On March 4, 2010, the Court ordered this action reopened and directed the Clerk of Court to

7  serve respondents with the successor petition.  (ECF No. 74).  The Court directed respondents to

8  answer or otherwise respond to the petition within 45 days.  (*Id.*).  Respondents filed a motion to

9  dismiss the petition on April 30, 2010.  (ECF No. 78).  Petitioner filed a response in opposition on

10  July 15, 2010.  (ECF No. 83).  Respondents filed a reply on September 3, 2010.  (ECF No. 89).

11  **II.  Discussion**

12       Respondents seek to dismiss the successor petition on the basis that it was improperly filed in

13  this action, it does not satisfy the requirements of 28 U.S.C. § 2244(b)(2)(B)(i) and (ii), it is untimely

14  pursuant to 28 U.S.C. § 2244(d)(1), it is unexhausted, and that the claim of actual innocence is not

15  cognizable in federal habeas law.  (ECF No. 78).

16       It is undisputed that the instant case has not been exhausted in the Nevada state courts.  In the

17  successor petition, petitioner informs this Court that, on September 28, 2009, he filed a state post-

18  conviction habeas petition in the Fourth Judicial District of the State of Nevada.  (ECF No. 70, at p.

19  9).  The subject of the petition is petitioner's claim of actual innocence, based on co-defendant

20  Michael Woomer's September 11, 2009 declaration stating that he killed the victim, while petitioner

21  White was passed out in another room.  (ECF No. 84, Ex. 3, at p. 12).  On October 18, 2010,

22  petitioner filed a notice updating this Court regarding his state court proceedings.  (ECF No. 90).

23  Petitioner informs this Court that respondents filed a return to the state petition on November 2,

24  2009.  On October 1, 2010, Judge Puccinelli of the Fourth Judicial District for the State of Nevada

25  set an evidentiary hearing on the petition.  The evidentiary hearing was scheduled for February 4,

26  2011.  (ECF No. 90, at p. 2).

1    A petitioner must first present his grounds for relief to a state court before a federal court may

2  review the merits of the issues he raises. A federal court will not grant a state prisoner's petition for

3  habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose*

4  *v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair

5  opportunity to act on each of his claims before he presents those claims in a federal habeas petition.

6  *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971)*; O'Sullivan v. Boerckel,* 526 U.S. 838, 844

7  (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the

8  petitioner has given the highest available state court the opportunity to consider the claim through

9  direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir.

10  2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981). In the instant case, post-

11  conviction proceedings are currently proceeding in state court. Petitioner has not exhausted his

12  actual innocence claim in the Nevada state courts.

13    Petitioner asks that this Court grant a stay of the current federal proceedings to allow him to

14  exhaust his actual innocence claim in state court. (ECF No. 83, at pp. 8-11). In *Rhines v. Weber*,

15  544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to

16  facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

17        [S]tay and abeyance should be available only in limited circumstances.
        Because granting a stay effectively excuses a petitioner's failure to
18        present his claims first to the state courts, stay and abeyance is only
        appropriate when the district court determines there was good cause for
19        the petitioner's failure to exhaust his claims first in state court.
        Moreover, even if a petitioner had good cause for that failure, the district
20        court would abuse its discretion if it were to grant him a stay when his
        unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2)
21        ("An application for a writ of habeas corpus may be denied on the
        merits, notwithstanding the failure of the applicant to exhaust the
22        remedies available in the courts of the State").

23  *Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion

24  for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for

25  his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication

26  that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

4

1    The Ninth Circuit has held that the application of an "extraordinary circumstances" standard

2  does not comport with the "good cause" standard prescribed by *Rhines*.  *Jackson v. Roe*, 425 F.3d

3  654, 661-62 (9th Cir. 2005).  This Court has declined to prescribe the strictest possible standard for

4  issuance of a stay.  "[I]t would appear that good cause under Rhines, at least in this Circuit, should

5  not be so strict a standard as to require a showing of some extreme and unusual event beyond the

6  control of the defendant."  *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006).

7    In the instant case, this Court finds that petitioner has demonstrated good cause under *Rhines*

8  for the failure to exhaust the actual innocence claim raised in the successor petition.  (ECF No. 70).

9  Further, the petition is not "plainly meritless" under the second prong of the *Rhines* test.  Finally,

10 there is no indication that petitioner engaged in dilatory litigation tactics.  This Court concludes that

11 petitioner has satisfied the criteria for a stay under *Rhines*.  Further, the Court's determination of the

12 remaining issues raised in the motion to dismiss are denied, without prejudice, pending petitioner's

13 exhaustion of his actual innocence claim in the Nevada state courts.

14 **III.  Conclusion**

15    **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 78) is

16 **DENIED WITHOUT PREJUDICE,** pending petitioner's exhaustion of his actual innocence claim

17 in the Nevada state courts.

18    **IT IS FURTHER ORDERED** that petitioner's request for the issuance of a stay and

19 abeyance under *Rhines v. Weber* is **GRANTED**.

20    **IT IS FURTHER ORDERED** that this action is **STAYED** pending exhaustion of the actual

21 innocence claim in the Nevada state courts.  Petitioner may move to reopen the matter following

22 exhaustion of the claim.

23    **IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner

24 returning to federal court with a motion to reopen within **forty-five (45) days** of issuance of the

25 remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

26    **IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE this**

1    **action, until such time as the Court grants a motion to reopen the matter.**

2            Dated this 8th day of March, 2011.

3

4                                                    Gloria M. Navarro
                                                     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26