UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JERRY WHITE,<br>Petitioner,<br>v.<br>HAROLD WICKHAM, et al.,<br>Respondents. | Case No. 3:04-cv-00412-GMN-VPC<br><br>ORDER |

This counseled habeas petition comes before the Court on respondents' motion to dismiss (ECF No. 107). Petitioner has opposed (ECF No. 113), and respondents have replied (ECF No. 119).

In this action, petitioner challenges his state court convictions of one count of first-degree murder with use of a deadly weapon, one count of conspiracy to commit robbery, and one count of robbery with use of a deadly weapon. (ECF No. 103). Petitioner asserts a single claim: He is actually innocent. (*Id.*) Respondents move to dismiss the petition on the grounds that it is untimely, that it is procedurally defaulted, and that it does not state a claim upon which relief can be granted.

**I.  Background**

On October 8, 1999, Ramon Navarro was murdered in his Elko home. Petitioner and his friend, Michael Woomer, were arrested and charged with the offense.

When first questioned by police, Woomer claimed that petitioner murdered Navarro. (Ex. 3). [1] He told police that petitioner and Navarro had been engaging in sexual

---
[1] The exhibits cited in this order are located at ECF Nos. 72 and 99.

1

conduct in the bedroom when petitioner suddenly began beating Navarro with a baseball bat and demanding money. (*Id.*) Petitioner turned himself in and told police that it was Woomer who robbed and killed Navarro while petitioner was passed out in another room. (Ex. 4).

Woomer accepted a plea deal and agreed to testify against petitioner. (Ex. 6). Shortly after entering his change of plea, Woomer met with police again. On the second telling, the details of Woomer's story changed. This time, it was Woomer and Navarro who had been engaging in sexual acts. After they stopped and Woomer smoked some marijuana, Woomer became ill and ran to the bathroom to throw up. Woomer emerged from the bathroom to find petitioner beating Navarro with a bat and demanding money. (Ex. 5).

At trial, Woomer essentially refused to testify, claiming both that he did not remember anything and acknowledging that he was afraid of what could happen to him in prison if he were labeled a snitch. (Ex. 10 (Tr. 4-46)). Woomer also stated that much of his second statement to the police was fabricated, using information he learned from studying the crime scene evidence. (*Id.* at 34-43). Despite Woomer's refusal to testify, his statement was effectively read into trial twice. (Ex. 11 at 49-80, 110-42).

The forensic evidence at trial established that Navarro's blood was on both petitioner's and Woomer's shoes and on Woomer's jacket, which had been found in petitioner's car. (Ex. 9 (Tr. 173)). DNA likely belonging to Woomer was found under Navarro's fingertips. (*Id.* at 178-80, 185).

At the conclusion of trial, the jury found petitioner guilty of first-degree murder with use of a deadly weapon, conspiracy to commit robbery, and robbery with use of a deadly weapon. (*See* Ex. 2). Petitioner was acquitted of conspiracy to commit murder. Petitioner was sentenced to consecutive terms of life in prison without the possibility of parole for the murder and deadly weapon charge and shorter concurrent sentences on the robbery charges. (*Id.*) Woomer, who entered a plea of guilty, was sentenced to a term of life with the possibility of parole after twenty years.

Petitioner thereafter pursued his appeal, a state post-conviction petition, and a federal habeas petition in this action. At each stage, petitioner's claims were denied.

On September 11, 2009, Woomer wrote and signed a declaration recanting his earlier accusations against petitioner and accepting full and sole responsibility for the murder and robbery of Ramon Navarro. (Ex. 1). Based on the recantation, petitioner on October 14, 2009, filed an application for leave to file a second or successive petition, which the Ninth Circuit Court of Appeals granted. (ECF No. 69). Petitioner thereafter filed his successor petition for writ of habeas corpus in this case. (ECF No. 75).

This action was reopened and then stayed pending petitioner's exhaustion of his actual innocence claim in state court. (ECF No. 91). On petitioner's return to state court, he presented his actual innocence claim alongside four other claims. (Ex. 34). The state trial court found the four additional claims procedurally defaulted and denied the actual innocence claim on the merits. (Ex. 49). On appeal, the Nevada Supreme Court affirmed. (Ex. 58).

Petitioner returned to federal court and filed an amended successor petition, which is the operative petition in this case. (ECF No. 103). Respondents now move to dismiss the petition primarily on the grounds that no freestanding claim of actual innocence exists. (ECF NO. 107). Respondents additionally argue, however, that the petition is also untimely and procedurally defaulted. (*Id.*)

**II. Actual Innocence**

The sole claim asserted in the petition is that petitioner is actually innocent of murdering Ramon Navarro. The parties agree that the Supreme Court has not decided whether there is a freestanding claim of actual innocence under federal constitutional law. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Given the open nature of the question, the Court concludes that it is more appropriately addressed in connection with the merits of petitioner's claim. Respondents' motion to dismiss the petition for failure to state a claim will therefore be denied without prejudice to renewing the argument in the answer to the petition.

**III.    Timeliness**

Pursuant to 28 U.S.C. § 2244(d)(1) a one-year statute of limitations applies to petitions filed under § 2254. The limitation period begins to run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondents argue that the petition in this case is untimely because it was filed more than a year after petitioner's judgment became final. Petitioner argues that the petition is timely pursuant to § 2244(d)(1)(D) because it was filed within one year of Woomer's recantation, which provided the factual predicate for his claim of actual innocence. Respondents argue that the factual predicate of petitioner's claim – that he is innocent and that Woomer committed the crime – has always been known to him and that Woomer's recantation is merely new evidence in support of that old claim.

The Court agrees with petitioner that the factual predicate of his claim is Woomer's recantation because the recantation is different in substance from Woomer's prior statements to police and his testimony at trial and no due diligence could have produced the recantation earlier. *See In re McDonald*, 514 F.3d 539, 545 (6th Cir. 2008). *Cf. King v. Trujillo*, 638 F.3d 726, 731 (9th Cir. 2011) (recantation was not a new factual predicate because it was essentially the same as the statements presented at trial). Importantly, Woomer's recantation claims that petitioner had no involvement in the murder or robbery. Petitioner filed his successor petition within one year of Woomer's recantation. The instant petition is therefore timely.

/

4

**IV.    Procedural Default**

Respondents argue that petitioner's claim is procedurally defaulted because the Nevada Supreme Court concluded that it was procedurally barred.

A federal court cannot review a petitioner's claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

As noted above, the state trial court addressed petitioner's actual innocence claim on the merits while denying the other claims as procedurally barred. The Nevada Supreme Court concluded that the state court properly denied petitioner's freestanding actual innocence claim. (Ex. 58 at 4-5) ("[W]e conclude that the district court did not err in denying appellant's freestanding claim of actual innocence in which he requested a new trial on the basis of newly discovered evidence (Woomer's recantation of his trial testimony)."). While the conclusion of its order broadly affirmed denial of the petition as "procedurally barred," (*id.* at 5), the parties did not argue on appeal that the actual innocence claim was procedurally barred, (*see* Exs. 55 & 56). In light of the trial court's order, the parties' briefs, and the Nevada Supreme Court's finding that the actual innocence claim lacked merit, the Court does not find the court's ambiguous statement in

the conclusion of its order to be a clear and express application of a procedural bar to the actual innocence claim. Petitioner's actual innocence claim is not, therefore, procedurally defaulted.

**V.  Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 107) is DENIED.

IT IS FURTHER ORDERED that respondents shall file an answer to the petition within sixty (60) days of date of entry of this order.  Petitioner thereafter will have thirty (30) days within which to file a reply.

IT IS SO ORDERED.

DATED THIS 14 day of June, 2018.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE